IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHARLES C. RICE, JR., et al.,

   Plaintiffs,

     v.

GENENTECH, INC.,

   Defendant.

CIVIL ACTION FILE
NO. 1:10-CV-3631-TWT

ORDER

This is a pro se products liability case. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 65]. For the reasons set forth below, the Court GRANTS the Defendant's Motion for Summary Judgment.

I. Background

The Defendant, Genentech, Inc., manufactures Lucentis, a medication approved by the United States Food and Drug Administration for the treatment of neovascular age-related macular degeneration. (Def.'s Statement of Undisputed Facts ¶¶ 1-2.) Macular degeneration frequently causes severe loss of central vision. (Id. at ¶ 3.) The Plaintiff, Charles Rice, has had macular degeneration since 1960. (Id. at ¶ 4.) Also, since 1993 the Plaintiff has had glaucoma, which may affect peripheral vision. (Id. at ¶¶ 5-6.) The Plaintiff was diagnosed with high intraocular pressure in 1993, 1994,

and on March 12, 2007. (Id. at ¶¶ 7-9.) On June 25, 2007, at age 86, the Plaintiff first saw Dr. Robert Halpern, who diagnosed the Plaintiff with "end stage macular degeneration." (Id. at ¶¶ 10, 13.) The Plaintiff stated on this June 25, 2007 visit that he did not have much visual acuity. (Id. at ¶ 12.) On July 28, 2008, Dr. Halpern injected the Plaintiff's right eye with Lucentis, and he did so for a second time on August 25, 2008. (Id. at ¶¶ 14, 16.) The Plaintiff next visited Dr. Halpern ten months later, on June 22, 2009; Dr. Halpern determined during this examination that the Plaintiff had lost all visual acuity in his right eye. (Id. at ¶¶ 18-19.) This loss of vision was attributed to intraocular pressure.

On August 20, 2010, the Plaintiff filed the Complaint in the Superior Court of Fulton County. The Complaint was removed to this Court on November 5, 2010 [Doc. 1]. The Complaint alleges negligence, negligence per se, misrepresentation, and breach of express and implied warranty. On January 26, 2011, the Court issued a Scheduling Order directing the Plaintiff to disclose his experts 75 days before the end of discovery and to make his experts available for deposition 50 days before the close of discovery. As a result of Genentech's May 24, 2011 motion to extend discovery [Doc. 35], and the parties' June 30, 2011 joint motion to extend discovery [Doc. 41], the Court directed the Plaintiff to make his experts available for deposition 35 days before the close of discovery, and extended the close of discovery to September 20,

2011 [Doc. 42]. As a result, the Plaintiff was required to disclose his experts by July 7, 2011, and to make his experts available for deposition by August 16, 2011. The Plaintiff failed to designate or produce an expert until September 13, 2011, one week before the close of discovery. On September 21, 2011, the Court denied the Plaintiff's request that the Court extend the Schedule to allow for this late-designated expert [Doc. 58]. On October 20, 2011, Genentech filed this Motion for Summary Judgment [Doc. 65].

## II. Motion for Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III. Discussion

A. <u>Lesar Affidavit</u>

In his Response to the Defendant's Motion for Summary Judgment, the Plaintiff attaches an affidavit of pharmacist Timothy Lesar. The affidavit was signed on November 3, 2011, after the Defendant had filed its Motion for Summary Judgment. The Plaintiff was over two months late in naming Mr. Lesar his expert. The Court denied the Plaintiff's Motion for Extension of Time on September 21, 2011. If the Court were to consider Mr. Lesar's affidavit it would unfairly prejudice Genentech, which has not had the opportunity to depose the expert or name its own rebuttal expert. It would also contravene the rules of this Court. <u>See</u> Local Rule N.D. Ga. 26.2(c). Therefore, the Court will not consider the affidavit when deciding this Motion.

B. <u>Inadequate Warning and Causation</u>

In order to survive summary judgment on any of the four counts of the Complaint, the Plaintiff must show that the Defendant failed in its duty to adequately warn the Plaintiff's physician of the risks of using Lucentis, and that Lucentis caused his loss of vision. The Plaintiff fails to raise an issue of fact regarding both the warning and causation.

Prescription drug manufacturers have a duty to warn the patient's doctor of the dangers involved with their product rather than warn the patient directly. <u>McCombs</u>

v. Synthes (U.S.A.), 277 Ga. 252, 253 (2003). The Plaintiff alleges that Genentech failed to adequately warn his doctor of the dangers involved with Lucentis. However, the Plaintiff offers no expert opinion concluding that the Lucentis labeling information was inadequate at the time of administration. See, e.g., Ehlis v. Shire Richwood, Inc., 367 F.3d 1013, 1018 (8th Cir. 2004); Miller v. ALZA Corp., 759 F. Supp. 2d 929, 938 n.10 (S.D. Ohio 2010) (citing "the general rule that, in the case of pharmaceuticals, 'since the warning is directed to physicians, only they or someone with similar expertise concerning pharmaceuticals would be qualified to determine whether or not the warning was adequate.'").

The Plaintiff also fails to establish that Lucentis caused his remaining vision loss, which he must do to recover under Georgia law. Grinold v. Farist, 284 Ga. App. 120, 121-22 (2007) ("The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant."). The Plaintiff's causation argument relies on the temporal proximity between the use of Lucentis in his right eye and the loss of vision in his right eye. However, "[t]emporal proximity is generally not a reliable

indicator of a causal relationship," Guinn v. AstraZeneca, 602 F.3d 1245, 1254 (11th Cir. 2010), and "temporal connection between the two events standing alone is insufficient to prove causation." Baker v. Smith and Nephew Richards, Inc., No. 1:97-CV-1233-RWS, 1999 WL 1129650, at *3 (N.D. Ga. Sept. 30, 1999). The Plaintiff has presented no expert opinion showing that Lucentis caused his harm. Moreover, the Plaintiff's own treating physician, Dr. Hubbard, stated that the "worsening of [the Plaintiff's] glaucoma may have been completely unrelated to the Lucentis injection and may have simply been coincidental with the Lucentis injection." (Def.'s Br. in Supp. of Def.'s Mot. for Summ. J., Ex. B.) The Plaintiff did not timely offer any expert testimony in rebuttal.

IV. Conclusion

For the reasons set forth above, the Court GRANTS the Defendant's Motion for Summary Judgment [Doc. 65].

SO ORDERED, this 23 day of January, 2012.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge